FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 13, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ESAU SUCHITE-RAMIREZ,<br><br>　　　　　Defendant. | NO: 2:19-CR-118-RMP<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS INDICTMENT<br><br>***USMS Action Required*** |

BEFORE THE COURT is Defendant's Motion to Dismiss Indictment, ECF No. 24. Defendant argues that his prior removal order was invalid and cannot be used to prove an element of a charge of illegal reentry into the United States in violation of 8 U.S.C. § 1326. *Id.* A hearing was held in this matter on September 12, 2019. Defendant was present and represented by Assistant Federal Defender J. Houston Goddard. The Government was represented by Assistant United States Attorney Matthew F. Duggan. The Court has considered the parties' arguments, briefing, and the record, and is fully informed.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS INDICTMENT ~ 1

## BACKGROUND

The United States has charged Esau Suchite-Ramirez with illegal reentry into the United States after removal under 8 U.S.C. § 1326. Mr. Suchite-Ramirez is a Guatemalan citizen who came to the United States in 2000 to work. ECF No. 24-2. In 2003, he received a DUI, which led to his eventual removal from this country. *Id.* After his hearing before a Los Angeles Immigration Court on October 1, 2003, Mr. Suchite-Ramirez was ordered to return to Guatemala. ECF No. 24-1. Eleven days before his hearing, Mr. Suchite-Ramirez received a Notice to Appear (NTA) before the Immigration Court. ECF No. 24-3. The notice did not include the time or date that Mr. Suchite-Ramirez should appear, nor did it include the address of the Immigration Court. *Id.* Mr. Suchite-Ramirez never received updated information, telling him when or where his hearing would be. ECF No. 24-2. Instead, he was transported from the Los Angeles County Jail to immigration custody, then taken to his removal hearing. *Id.* The United States bases Mr. Suchite-Ramirez's current charge of illegal reentry on this 2003 removal order.

Mr. Suchite-Ramirez moves to dismiss his indictment on the grounds that the Immigration Judge (IJ) entered the 2003 removal order without jurisdiction. ECF No. 24. Therefore, the order upon which the United States bases its current indictment is invalid. *Id.* Mr. Suchite-Ramirez maintains that the United States did not comply with jurisdictional regulations to commence the removal

proceedings against him in 2003, and therefore the Immigration Court's jurisdiction never vested. *Id.* at 2. He argues that the government failed to (1) include the address of the Immigration Court in the NTA, (2) provide timely notice of the hearing's date and time, and (3) provide a proper Certificate of Service pursuant to 8 C.F.R. § 1003.14(a). *Id.* at 5—8. Each one of these failings, he argues, requires this Court to find that the IJ had no jurisdiction to enter his 2003 removal order.

### LEGAL STANDARD

Mr. Suchite-Ramirez moves to dismiss his indictment for failure to state an offense. *See* Fed. R. Crim. P. 12(b)(3)(B)(v). An indictment is sufficient only if it "contains the elements of the offense charged." *United States v. Resendiz-Ponce*, 549 U.S. 102, 107 (2007) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). "A valid removal order is a predicate element of a conviction for illegal reentry under § 1326." *United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1063 (9th Cir. 2018). Therefore, an indictment for illegal reentry is sufficient only if a valid removal order exists. A motion to dismiss an indictment that presents a question of law may be considered before trial. *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986).

### DISCUSSION

In a removal proceeding, jurisdiction vests with the IJ "when a charging document is filed with the Immigration Court." 8 C.F.R. § 1003.14(a). A Notice

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS INDICTMENT ~3

to Appear (NTA) is a charging document. 8 C.F.R. § 1003.15(b). In the case *Karingithi v. Whitaker*, the Ninth Circuit recently explained that the regulatory requirements governing charging documents for removal proceedings are jurisdictional. 913 F.3d 1158, 1159 (9th Cir. 2019) ("Because the charging document in this case satisfied the regulatory requirements, we conclude the Immigration judge ("IJ") had jurisdiction over the removal proceedings."). Therefore, if an NTA fails to comply with the regulatory requirements, then jurisdiction does not vest in the Immigration Court. *Id.*

***Failure to Include the Address of the Immigration Court***

According to the regulation, an NTA "must" include "the address of the Immigration Court where the Service will file the Order to Show Cause and Notice to Appear." 8 C.F.R. § 1003.15(b)(6). Because the Ninth Circuit looks to the regulation for jurisdictional requirements, the NTA must provide address of the Immigration Court for jurisdiction to vest.

The United States argues that the regulation does not define the IJ's jurisdiction. ECF No. 25 at 6. Instead, it maintains that the regulation is merely a "claims-processing" rule, with no effect on jurisdiction. *Id.* This argument directly contradicts the Ninth Circuit's reasoning in *Karingithi*, in which the Court concluded that the regulatory requirements governing charging documents, including NTAs, are jurisdictional. *Karingithi*, 913 F.3d at 1159.

The United States does not dispute that Mr. Suchite-Ramirez's 2003 NTA failed to include the Immigration Court's address. This address is expressly required by the regulation. 8 C.F.R. § 1003.15(b)(6). Therefore, based on the Ninth Circuit's decision in *Karingithi*, the IJ lacked jurisdiction to enter the 2003 removal order against Mr. Suchite-Ramirez.

### *Failure to Inform Mr. Suchite-Ramirez of His Hearing's Date and Time*

Mr. Suchite-Ramirez also argues that jurisdiction in the 2003 Immigration Court failed to vest because the Government never served him with notice of the date and time of his hearing. This Court recently held that the Ninth Circuit requires the United States to serve this notice upon the defendant for jurisdiction in the Immigration Court to vest. "[A]s long as the person subject to removal proceedings is served with a notice of hearing that includes the date and time of the removal proceedings, then jurisdiction vests with the immigration court to conduct the removal proceedings." *United States v. Morales-Santiago*, 376 F. Supp.3d 1105, 1113 (E.D. Wash. 2019) (citing *Karingithi*, 913 F.3d at 1161).

Here, the United States argues that notifying the defendant of his hearing's date and time is not a jurisdictional requirement. ECF No. 25 at 9 (citing *Karingithi*, 913 F.3d at 1159; 8 C.F.R. § 1003.14(a)). This argument contradicts *Morales-Santiago* and the Ninth Circuit's reasoning in *Karingithi*, where the Circuit explained "a notice to appear that does not specify the time and place of an alien's initial removal hearing vests an Immigration Judge with jurisdiction over

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS INDICTMENT ~5

the removal proceedings . . . so long as notice of hearing specifying this information is later sent to the alien." 913 F.3d at 1161 (quoting *Matter of Bermudez-Cota*, 27 I. & N. Dec. 441, 447 (BIA 2018)).

The United States failed to provide any evidence that it informed Mr. Suchite-Ramirez of his hearing's time and date. The Government points to no document that states the time and date of Mr. Suchite-Ramirez's hearing, much less one that was served on him. Therefore, the IJ lacked jurisdiction to enter the 2003 removal order against Mr. Suchite-Ramirez.

***Failure to File a Proper Certificate of Service***

Finally, Mr. Suchite-Ramirez contends that the IJ lacked jurisdiction because there is no certificate showing that the United States served him. As he points out, the regulation, 8 C.F.R. § 1003.14 ("Jurisdiction and Commencement of Proceedings"), requires the United States to attach "a certificate showing service on the opposing party" to the charging document. 8 C.F.R. § 1003.14(a). That certificate must state the Immigration Court "in which the charging document is filed." *Id.* The Ninth Circuit has found this requirement to be jurisdictional. *Kohli v. Gonzalez*, 473 F.3d 1061, 1066 (9th Cir. 2007).

Mr. Suchite-Ramirez presents a blank Certificate of Service, which he states was attached to his NTA. ECF No.24-3 at 2. It contains no signature, no indication that he was served, and no Immigration Court to which he should report. *Id.* In response, the United States claimed that it would produce a proper

Certificate of Service Form at the pretrial conference, with Mr. Suchite- Ramirez's signature, showing that he received service. ECF No. 25 at 3. However, at the hearing on this motion, the United States failed to produce any documents, despite their efforts to obtain one.

The United States has not provided any proof of service on Mr. Suchite-Ramirez. Therefore, the United States has failed to establish that the Immigration Court had jurisdiction to enter the 2003 removal order against Mr. Suchite-Ramirez.

The United States failed to produce any evidence supporting the Immigration Court's jurisdiction to enter a removal order against Mr. Suchite-Ramirez. First, the NTA served on Mr. Suchite-Ramirez in 2003 did not include the address of the Immigration Court in which the proceedings would occur. Second, the United States failed to notify Mr. Suchite-Ramirez of his removal hearing's date and time. Third, the United States has not provided any evidence that it served Mr. Suchite-Ramirez in 2003. Because the United States failed to comply with these regulatory requirements, jurisdiction in the Immigration Court did not vest, and the 2003 removal order against Mr. Suchite-Ramirez is invalid, and the indictment charging Defendant with illegal reentry into the United State is dismissed.

/ / /

/ / /

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS INDICTMENT ~7

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss Indictment, **ECF No. 24**, is **GRANTED**.

2. Defendant's Indictment, **ECF No. 15**, is **DISMISSED with prejudice**.

3. The Defendant should no longer be detained by the U.S. Marshal pursuant to this case number.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel, U.S. Probation, and the U.S. Marshal Service.

**DATED** September 13, 2019.

          *s/ Rosanna Malouf Peterson*
          ROSANNA MALOUF PETERSON
          United States District Judge